IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MARGARET CRUZ and JOSE CRUZ,
husband and wife,

      Plaintiffs,                      CASE NO.:

vs.

GREEN TREE MORTGAGE SERVICING,
LLC,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, MARGARET CRUZ and JOSE CRUZ, husband and wife, sue the Defendant, GREEN TREE MORTGAGE SERVICING, LLC, and in support thereof respectfully allege the following:

## JURISDICTION AND VENUE

1.     Jurisdiction of this court arises under 28 U.S.C. § 1331 as this case presents a federal question, and pursuant to 28 U.S.C. § 1367 for pendant state law claims.

2.     Plaintiffs brings this action to recover statutorily prescribed damages for acts on the part of Defendant GREEN TREE MORTGAGE SERVICING LLC, (hereafter "GREEN TREE"), in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, *et seq*., (hereafter "TCPA"), the Connecticut Creditors' Collection Practices Act, Sec. 36a-645, *et seq*., Connecticut General Statutes (hereafter "CCPA"), the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. (hereafter "TILA"), and the rules and regulations applicable thereto, as set forth in 12 C.F.R. § 226.1, *et seq.* (hereafter "Regulation Z"), the Real Estate Settlement Procedures Act, 12 U.S.C. §

2601, *et seq.*, (hereafter "RESPA"), and the regulations applicable thereto, as set forth in 24 C.F.R. § 3500.01, *et seq.* (hereafter "Regulation X"), and for Common Law Slander of Credit.

      3.      The alleged violations described herein occurred in Fairfield County, Connecticut. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

      4.      Plaintiffs, MARGARET CRUZ and JOSE CRUZ (hereafter "the CRUZES"), are natural persons over the age of eighteen (18), who reside in Stratford, Fairfield County, Connecticut.

      5.      Plaintiffs are "consumer debtors" as the term is defined by Conn. Gen. Stat. § 36a-645(1).

      6.      Defendant GREEN TREE is a "creditor" as that term is defined by Conn. Gen. Stat. § 36a-645(2).

      7.      Plaintiff MARGARET CRUZ is the "called party" with respect to the calls placed to her cellular telephone number, (203) 209-5058, as further described herein. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012); Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934, (11th Cir.2014).

      8.      Plaintiff JOSE CRUZ is the "called party" with respect to the calls placed to his cellular telephone number, (203) 209-7454, as further described herein.

      9.      At all times material hereto, Defendant GREEN TREE was a foreign Limited Liability Company authorized to conduct business and conducting business in the state of Connecticut, with its principal place of business at 345 St. Peter Street, Saint Paul, MN 55102.

## **FACTUAL ALLEGATIONS**

10.     At all times material hereto, Defendant GREEN TREE sought to collect an alleged debt from the Plaintiffs that arose from a transaction incurred for personal, family or household purposes, and is therefore a "debt" as that term is defined by Conn. Gen. Stat. § 36a-645(3).

11.     At all times material, Defendant GREEN TREE was the servicer of a mortgage loan owed by the Plaintiffs, which debt is the subject of the unlawful collection activity on the part of Defendant at issue herein.

12.     In or about April of 2009, the Plaintiffs executed and delivered a promissory note to Bank of America, N.A. (hereafter "BOA"), in the amount of $387,366.00 (hereafter the "Note"), and a mortgage securing payment of the Note to, BAC Home Loans Servicing, LP (hereafter "BAC"), a wholly owned subsidiary of BOA, as nominee for BOA (hereafter the "Mortgage"). The Mortgage secured payment of the Note by a property with a street address of 60 Keating Drive, Stratford, CT 06614 (hereafter the "Subject Property").

13.     The Note provides for 120 monthly installment payments of $1694.73 to be paid by Plaintiffs from June 1, 2009 through June 1, 2019, representing interest on the unpaid principal balance of the Note (the "Interest-Only Period"), followed by 240 monthly payments of $2,398.71 beginning thereafter, representing payment of amortized principal and interest (the "Amortization Period"), and further providing for a late charge in the amount of 5.0% of the monthly installment

payment for any monthly installment payment not paid by the 15th calendar day after it is due (the Note and Mortgage shall be collectively referred to herein as the "Subject Mortgage Loan").

14.     Additionally, pursuant to the terms of the Subject Mortgage Loan, the escrow reserve account was waived for purposes of Plaintiffs' hazard insurance and property taxes.

15.     From the time of the origination of the Subject Mortgage Loan, Plaintiffs paid the property taxes owed for the Subject Property directly to the Town of Stratford, and obtained private policies of hazard insurance through Travelers Insurance.

16.     Upon information and belief, in or about July of 2011, BAC was merged into BOA, after which BOA undertook the servicing of the Subject Mortgage Loan.

17.     On or about June 1, 2013, GREEN TREE acquired the servicing rights to the Subject Mortgage Loan from BOA.

18.     Immediately upon acquiring said servicing rights, GREEN TREE began incorrectly allocating Plaintiffs' payments under the Subject Mortgage Loan, causing an escrow deficiency to accrue on the Subject Mortgage Loan, as well as improperly assessing late charges against the Plaintiffs on the Subject Mortgage Loan, and charging the Plaintiffs for excessively priced force-placed flood insurance policies that were not required pursuant to state and federal flood-zone requirements, and which were specifically rejected by the Plaintiffs.

19.     By way of example, upon GREEN TREE's acquisition of the Subject Mortgage Loan on June 1, 2013, GREEN TREE notified Plaintiffs that the Subject Mortgage Loan had an alleged escrow deficiency balance in the amount of $3,146.02.

20.     Plaintiffs promptly advised GREEN TREE's representatives that that the alleged escrow deficiency balance of $3,146.02 would be paid in full by July 1, 2013, and that Plaintiffs

intended to pay their property taxes directly to the Town of Stratford, as they had done since the origination of the Subject Mortgage Loan with BOA in April of 2009.

21.     On or about June 19, 2013, Plaintiff MARGARET CRUZ spoke with a representative of Defendant identified as "Dixey," during which discussion, Defendant's representative, acting within the course and scope of her employment with the Defendant, made a verbal agreement with the Plaintiff that as long as the Plaintiffs paid the escrow balance claimed by Defendant, and paid the property taxes owed in connection with the Subject Property directly to the Town of Stratford, the Defendant would not maintain an escrow impound account on the Subject Mortgage Loan.

22.     Consistent with the aforementioned verbal agreement between the Plaintiffs and the Defendant's representative, Plaintiffs made payments to GREEN TREE totaling $3,146.02 between June 1, 2013 and July 1, 2013 for the designated purpose of paying the alleged escrow deficiency claimed by GREEN TREE and bringing the escrow balance on the Subject Mortgage Loan to $0.00, in addition to paying the monthly installment payments owed under the terms of the Note.

23.     Thereafter, on July 1, 2013 and July 2, 2013, Plaintiffs made payments to the Town of Stratford totaling $7,757.90, thereby paying in full the property taxes owed to the Town of Stratford for the Subject Property as of that date.

24.     On or about July 2, 2013, Plaintiff MARGARET CRUZ spoke with Defendant's representative identified as "Melissa," during which discussion Plaintiff confirmed that Plaintiffs had paid the escrow deficiency claimed by GREEN TREE, and had paid the full amount of the property taxes on the Subject Loan directly to the Town of Stratford, as agreed. Defendant's

representative, acting within the course and scope of her employment with the Defendant, confirmed that Defendant would not maintain an escrow impound account on the Subject Mortgage Loan given that the Plaintiffs had paid the escrow deficiency claimed by GREEN TREE and had paid the property taxes owed on the Subject Property directly to the Town of Stratford.

25.     However, despite Plaintiffs having paid the property taxes owed to the Town of Stratford as of July 1, 2013 in full, in accordance with the aforementioned verbal agreements between Plaintiffs and the Defendant's representatives, Defendant nevertheless proceeded to pay duplicative property taxes in the amount of $7,542.34 to the Town of Stratford on July 6, 2013, charging the same to an escrow impound account on the Subject Mortgage Loan, causing a significant escrow deficiency.

26.     On or about August 15, 2012, Plaintiff MARGARET CRUZ spoke with a representative of Defendant's Escrow Department identified as "Mandia," extension 57070, who for the first time advised Plaintiffs that they would need to submit a written request for the escrow impound account to be removed.

27.     In accordance therewith, Plaintiffs thereafter sent a written request transmitted via facsimile to Defendant GREEN TREE, requesting that the escrow impound account to be removed.

28.     GREEN TREE thereafter denied the Plaintiffs' request to remove the escrow account, claiming that the Subject Mortgage Loan had an escrow deficiency as of the date the request was received and considered. However, no escrow deficiency actually existed, as Plaintiffs had paid the entirety of the alleged escrow deficiency as of July 1, 2013, as described above. Rather, any alleged escrow deficiency as of that date was the result of Defendant misapplying the payments Plaintiffs designated to be applied to the alleged escrow deficiency, and instead applying

6

portions of these payments to the principal balance of Subject Mortgage Loan, despite the fact that the Subject Mortgage Loan was in the "Interest-Only Period," and despite the fact that the terms of the Note expressly provided that any prepayment of principal made during the Interest-Only Period is required to be accompanied by a written statement from Plaintiffs designating the payment as principal prepayment.

29.     The above described misapplication of Plaintiffs' designated escrow payments by GREEN TREE, and its corresponding wrongful refusal to remove the escrow impound account, resulted in the accrual of improper and unnecessary monthly escrow charges on the Subject Mortgage Loan for payment of property taxes that Plaintiffs had previously paid in full, causing the Subject Mortgage Loan to accrue a significant escrow deficiency balance when the balance should have been $0.00 as of that date.

30.     Furthermore, in July of 2013, Defendant GREEN TREE notified Plaintiffs that it intended to purchase force-placed flood insurance unless Plaintiffs provided written factual evidence as to why flood insurance is not required on the Subject Property, despite the fact that flood insurance had never been required on the property prior to GREEN TREE's acquisition of the servicing rights to the Subject Mortgage Loan.

31.     Plaintiffs promptly obtained maps from the Town of Stratford Engineering Office indicating that the Subject Property was not in a flood zone. Furthermore, Plaintiffs sent a letter to GREEN TREE on or about July 12, 2013, contesting the flood insurance requirement, explaining that the Subject Property is not in a flood zone, and enclosing the maps from the Town of Stratford Engineering Office as evidence of this fact. See Exhibit "A" hereto.

32.     On August 5, 2013, Defendant GREEN TREE sent Plaintiffs a response to their aforementioned July 12, 2013 correspondence, stating that Defendant had "confirmed" that the collateral property is located in a SFHA, and attaching a Department of Homeland Security, Federal Emergency Management Agency, Standard Flood Hazard Determination Form (SFHD), Certificate Number 53227725, with a date of determination of August 5, 2013, as purported confirmation thereof. See Exhibit "B" hereto. However, the certificate expressly stated that the Subject "Residence" is in Zone X, which is not a Special Flood Hazard Area (hereafter "SFHA"), and that insurance is not required for said residence, and only the "Detached Garage" is in Zone A (a SFHA).

33.     Pursuant to the federal National Flood Insurance Program, governing flood insurance purchase and compliance requirements, a detached garage is not required to be covered by a flood insurance policy. See 42 U.S.C. § 4012a(c)(3) ("Notwithstanding any other provision of this section, flood insurance shall not be required, in the case of any residential property, for any structure that is a part of such property but is detached from the primary residential structure of such property and does not serve as a residence.").

34.     Moreover, pursuant to the servicing guidelines of the owner of the Subject Note, FANNIE MAE, flood insurance is not required if the residential structure is not in a flood zone, even if non-residential structures are located in a SFHA.

35.     Inexplicably, however, Defendant proceeded to acquire force-placed flood insurance on the entire Subject Property, including the Subject Residential Structure, which was neither required by law nor the FANNIE MAE servicing guidelines, and which was specifically rejected by the Plaintiffs, with building property coverage in the amount of $250,000.00 and

increased cost of compliance coverage in the amount of $30,000, applying the policy retroactively to June 1, 2013, and charging Plaintiffs an annual policy premium of $2,500.00 against the escrow account of the Subject Mortgage Loan.

36.     Out of duress, Plaintiffs procured private flood insurance through Middlesex Mutual Insurance Co, providing building property coverage in the amount of $250,000 for the residential structure and detached garage, and contents coverage in the amount of $100,000, providing for an annual premium of $412.00 – significantly less than the $2,500.00 annual premium for GREEN TREE's force-placed insurance, which provided less coverage.

37.     Thereafter, Plaintiffs provided proof of said insurance to GREEN TREE. However, despite being placed on actual notice that Plaintiffs had procured private flood insurance, under duress, as such insurance was not needed, GREEN TREE nevertheless refused to remove the entirety of the charges for the forced placed insurance from the Plaintiffs' escrow account, and maintained a charge of $665.61 against the escrow impound account for two months of backdated flood insurance, further increasing the escrow deficiency balance on the Subject Mortgage Loan.

38.     Additionally, although Plaintiffs advised Defendant on numerous occasions that they have at all material times maintained a policy of hazard insurance through Travelers Insurance, and that they have always paid the premiums for said policy directly to Travelers, Defendant has attempted on several occasions to pay the premiums for said policy and charge the payments against the escrow impound account, and on each such occasion, Travelers has returned the payment to GREEN TREE because Plaintiffs have paid the premiums in full, informing GREEN TREE of the same.

39.     Because of Defendant's improper allocation of Plaintiffs' aforementioned escrow payments between June 1, 2013 and July 1, 2013, and its corresponding wrongful refusal to remove the escrow impound account, resulting in duplicative overpayment of property taxes to the Town of Stratford after said taxes were paid in full by Plaintiffs, payment of premiums for force-placed flood insurance policies, and payment of hazard insurance premiums that Plaintiffs had already paid in full, Defendant began charging Plaintiffs large and periodically increasing monthly "Escrow" payments, currently in the amount of $1,467.64 per month, in addition to the monthly "Interest-Only" payment of $1,689.75, for a current total "Regular Monthly Payment" of $3,157.39.

40.     To date, Plaintiffs have paid each of the $1,695.64 monthly installment payments owed under the terms of the Note to date, as described above. However, Defendant has misapplied these monthly installment payments, including by improperly applying substantial portions of these payments to the wrongfully accrued escrow deficiency balance, and improperly charging late fees as against the Plaintiffs under the Subject Mortgage Loan agreement.

41.     Furthermore, despite the fact that Plaintiffs paid each of the aforementioned $1,695.64 monthly installment payments prior to the 15th day after the payment was due, Defendant improperly charged the Plaintiffs late fees, resulting in the accrual of a significant "Late Fee Balance" under the Subject Mortgage Loan.

42.     As of the date of filing of this Complaint, Defendant claims that the Subject Mortgage Loan has a "Past Due" balance in excess of $36,000.00, consisting primarily of monthly escrow charges wrongfully assessed for payment of property taxes, hazard insurance and flood insurance, in addition to "late charges" each month, despite the fact that Plaintiffs have paid each

of the $1,695.64 monthly "Interest-Only" installment payments owed under the Note to date within the 15 day "grace period" permitted by the terms of the Note; Plaintiffs have at all material times paid the property taxes for the Subject Property directly to the Town of Stratford;  Plaintiffs have at all material times maintained private hazard insurance and have paid the premiums for said insurance directly to the insurer; and Plaintiffs rejected the flood insurance that was force-placed by Defendant, provided Defendant with evidence that such insurance is not required under applicable state and federal law, and nevertheless procured private flood insurance and provided Defendant with proof thereof.

43.     On or about December 9, 2014, Plaintiffs, by and through their legal counsel, Nathaniel Shipp, Esquire, sent a qualified written request to Defendant GREEN TREE requesting that Defendant correct the aforementioned servicing errors relating to Defendant's misallocation of Plaintiffs' payments. See Exhibit "C" hereto. However, to date, Defendant has failed to correct its errors relating to the allocation of Plaintiffs' payments, and has continued to misapply Plaintiffs' payments as described herein.

44.     On December 9, 2014, Plaintiffs, by and through their legal counsel, Nathaniel Shipp, Esquire, filed a complaint against GREEN TREE with the Connecticut Department of Banking regarding GREEN TREE's servicing errors with respect to the Subject Mortgage Loan, attaching the aforementioned December 9, 2014 letter to GREEN TREE thereto.

45.     Although Defendant received a copy of the above described December 9, 2014 letter, Defendant failed to correct the servicing errors set forth therein. Rather, on or about March 12, 2015, GREEN TREE sent a letter to the Connecticut Department of Banking in response to the Plaintiffs' complaint, wherein GREEN TREE purported to justify its handling of the escrow

impound account and its payment of property taxes thereunder, claiming that it was unable to remove the escrow impound account due to the servicing guidelines of the owner of the Note, which is directly contrary to Defendant's verbal representations to Plaintiffs in June and July of 2013, upon which Plaintiffs acted in reliance to their detriment; is directly contrary to the Defendant's representations to the Plaintiffs on August 15, 2013, at which time Defendant stated that the escrow impound account may be removed upon written request; and is directly contrary to Defendant's express representation in its denial of Plaintiff's written request that the sole basis for denying the request was an alleged escrow deficiency on the date the request was received and considered, which, as described above, was patently erroneous; was directly contrary to the servicing guidelines of the owner of the Note, FANNIE MAE; and was specifically permitted pursuant to RESPA and Regulation X.  See Exhibit "D" hereto.

46.    Notably, however, Defendant's letter failed to address the Defendant's blatant mishandling of the escrow account during the first month following GREEN TREE's acquisition of the servicing rights, including its misapplication of Plaintiffs' designated escrow payments through July 1, 2013, resulting in the improper assessment of an escrow deficiency *ab initio*, and its duplicative overpayment of property taxes on July 6, 2013 after Plaintiffs had fully paid said taxes, significantly exacerbating the improperly assessed escrow deficiency, and its charges for illegal and excessively priced force-placed flood insurance that was not required under law, was contested by Plaintiffs in writing with accompanying evidence, and was additionally charged after Plaintiffs provided Defendant with proof of private flood insurance.

47.    Defendant further represented in its letter to the Connecticut Department of Banking that Plaintiffs are "ten months past due for the June 2014 loan payment and foreclosure

proceedings have been initiated accordingly." However, Defendant's statement to the Department of Banking was outright fallacious, as Defendant has yet to initiate foreclosure proceedings against the Plaintiffs as of the date of filing this Complaint.

48.    On or about March 28, 2015, Plaintiffs sent Defendant GREEN TREE a letter via Certified Mail, Return Receipt Requested, article number 7014 2120 0002 9094 5059, requesting, among other things, that Defendant provide an accurate statement of the outstanding balance required to payoff the loan. Defendant certified receipt of the aforementioned letter on April 2, 2015. However, Defendant failed to send Plaintiff an *accurate* statement of the outstanding balance required to pay the loan in full.

49.    As a result of the Defendant's above described mishandling of the escrow balance and misallocation of Plaintiffs' timely installment payments immediately upon its acquisition of the servicing rights, Defendant has incorrectly asserted since July of 2013 that the Subject Mortgage Loan is perpetually past due, while continuing to increase the amount of the monthly installment payments to nearly double the amount set forth in the Note, resulting in an erroneous alleged "past due" balance that is continuing to increase substantially each month despite Plaintiffs consistently making timely payments.

50.    Defendant has adversely reported to the Consumer Reporting Agencies ("CRAs") that the Plaintiffs' installment payments for the Subject Mortgage Loan are consistently past due, as well as reporting an increasing past due balance, resulting in the same being adversely reflected on Plaintiffs' respective credit reports, improperly impairing the creditworthiness of Plaintiffs and impairing Plaintiffs' ability to obtain credit and perform their respective professions, to Plaintiffs' detriment and damage.

51.     Furthermore, beginning in July of 2013, following Defendant's initial misapplication of Plaintiffs' escrow payments and installment payment, as described above, resulting in the erroneous assessment of an ongoing past due balance, Defendant GREEN TREE employed business practices resulting in intentional harassment and abuse of the Plaintiffs, and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect the above referenced mortgage loan debt from Plaintiffs, as further described herein.

52.     Defendant GREEN TREE has engaged in conduct in violation of the TCPA and CCPA, and constituting intentional harassment and abuse of the Plaintiffs, by and through its agents and representatives, on numerous occasions, within the four (4) year period preceding the filing of this action, including initiating calls to the Plaintiffs' respective cellular telephone numbers, (203) 209-5058 and (203) 209-7454, to the Plaintiffs' residential phone number, and to the Plaintiffs' places of employment, several times per day, and on back to back days, with such frequency as can reasonably be expected to harass, in an effort to collect the above described debt.

53.     Moreover, Defendant GREEN TREE intentionally harassed and abused the Plaintiffs on numerous occasions by sending Plaintiffs threatening collection letters asserting false and misleading information, and by reporting false information to the Credit Reporting Agencies with respect to Plaintiffs, as described above.

54.     Plaintiffs verbally instructed Defendant on numerous occasions to cease placing calls to their aforementioned cellular telephone numbers.

55.     Despite Plaintiffs' attempts to explain to Defendant's representatives that they had made each of their monthly installment payments under the Subject Mortgage Loan on time,

including but not limited to the above described communications, informing Defendant that it had improperly allocated said payments and improperly assessed charges against the escrow impound account, and specifically requesting that the Defendant cease placing the collection calls, Defendant proceeded undeterred in its campaign of intentional harassment and abuse of the Plaintiffs in an effort to collect the debt, including but not limited to:

a.     Calling Plaintiffs' aforementioned cellular telephone numbers, residential telephone number, and business telephone numbers, several times per day and on back to back days through the current date (or such time as will be established after a thorough review of Defendant's records). In most instances, Defendant would place multiple calls to the above described telephone numbers within minutes of each other;

b.     Calling Plaintiffs' aforementioned cellular telephone numbers, residential telephone number, and business telephone numbers, from an automated telephone dialing system and leaving pre-recorded messages on Plaintiffs' answering machine and voice mail boxes, identifying Plaintiffs and stating that the message was left in "an attempt to collect a debt";

c.     Calling Plaintiffs' aforementioned cellular telephone numbers, residential telephone number, and business telephone numbers, and hanging up either prior to or as soon as Plaintiffs, members of Plaintiffs' household, or the Plaintiffs' answering machine or voice mail boxes answered the call;

d.     Calling Plaintiffs from numerous different telephone numbers that appeared on Plaintiffs' caller ID as someone or some entity other than Defendant or with no identification;

15

56.     To date, Defendant GREEN TREE has placed in excess of five hundred (500) total calls to Plaintiffs on their aforementioned cellular telephone numbers in an effort to collect the subject debt.

57.     The telephone calls at issue were placed by Defendant GREEN TREE using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

58.     Defendant GREEN TREE initiated each of the calls at issue to Plaintiffs' respective aforementioned cellular telephone numbers without the respective "prior express consent" of the Plaintiffs, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

59.     Alternatively, Defendant GREEN TREE initiated each of the calls at issue to Plaintiffs' aforementioned respective cellular telephone numbers subsequent to Plaintiff's verbal revocation of any "prior express consent" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had.

60.     Additionally, none of the telephone calls at issue were placed by Defendant GREEN TREE to Plaintiffs' aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

61.     Defendant GREEN TREE willfully and/or knowingly violated the TCPA with respect to Plaintiffs.

62.     Defendant GREEN TREE has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiffs' aforementioned cellular telephone numbers, as described herein.

63.     Despite actual knowledge of its wrongdoing, Defendant GREEN TREE continued its campaign of abuse.

64.     Defendant GREEN TREE's corporate policy provided no means for the Plaintiffs to have their aforementioned cellular telephone numbers removed from the call list.

65.     Defendant GREEN TREE has a corporate policy to harass and abuse individuals like the Plaintiffs despite actual knowledge that the called parties did not provide prior express consent to receive the calls, or had revoked such prior express consent verbally, in writing, or through retention of legal counsel.

66.     Defendant GREEN TREE followed its corporate policies when attempting to communicate with the Plaintiffs in connection with the debt at issue.

67.     Defendant GREEN TREE has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiffs.

68.     Defendant GREEN TREE is, or should be, in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiffs' respective cellular telephone numbers over the relevant time period.

69.     As a direct and proximate result of the acts or omissions of GREEN TREE, as set forth herein, Plaintiffs have suffered compensatory, statutory and actual damages in the form of

emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

70.     Plaintiffs' statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life pursuant to Conn. Gen. Stat. § 36a-648, have continued and are continuing as of the filing of this complaint.

71.     Defendant GREEN TREE consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

72.     All conditions precedent to the filing of this action have occurred or have otherwise been waived.

## COUNT I
## (VIOLATION OF THE TCPA AGAINST GREEN TREE)

73.     Plaintiffs re-allege and incorporates by reference the allegations of Paragraphs (1) through (72), as if fully set forth herein.

74.     None of the calls at issue were placed by Defendant GREEN TREE to Plaintiffs' aforementioned cellular telephone number with the "prior express consent" of the Plaintiffs, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

75.     Furthermore, Plaintiffs revoked any "prior express consent" Defendant GREEN TREE had or may have mistakenly believed it had by verbally requesting that Defendant stop

placing calls to their aforementioned cellular telephone numbers regarding the debt at issue on numerous occasions.

76.     Additionally, none of the calls at issue were placed by Defendant GREEN TREE to Plaintiffs' aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

77.     Defendant GREEN TREE willfully and/or knowingly violated the TCPA with respect to the Plaintiffs by repeatedly placing non-emergency calls to Plaintiffs' aforementioned cellular telephone numbers using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiffs' prior express consent, invitation or permission, after Plaintiffs had instructed Defendant to cease placing such calls, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

78.     The TCPA provides Plaintiffs with a private right of action against Defendant GREEN TREE for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiffs JOSE CRUZ and MARGARET CRUZ respectfully demand judgment against Defendant GREEN TREE for statutory damages, actual damages, punitive damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## COUNT II
## (<u>VIOLATION OF THE CCPA AGAINST GREEN TREE</u>)

79.     Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs (1) through (72), as if fully set forth herein.

80.    Plaintiffs are "consumer debtors" as the term is defined by the CCPA.

81.    Defendant GREEN TREE is a "creditor" as defined by the CCPA.

82.    Defendant GREEN TREE engaged in an act or omission prohibited under Conn. Gen. Stat. § 36a-647 and Conn. Agencies Regs. § 36a-647-5 by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse the Plaintiffs.

83.    Defendant GREEN TREE engaged in an act or omission prohibited under Conn. Gen. Stat. § 36a-647 and Conn. Agencies Regs. § 36a-647-5(5) by causing the Plaintiffs' respective telephones to ring or engaging Plaintiffs in telephone conversation repeatedly or continuously, the natural consequence of which is annoyance, abuse or harassment.

84.    Defendant GREEN TREE engaged in an act or omission prohibited under Conn. Gen. Stat. § 36a-647 and Conn. Agencies Regs. § 36a-647-5(7) by soliciting any amount, including any interest, fee, charge or expense incidental to the principal obligation, when such amount is not authorized by the agreement creating the debt or permitted by law.

85.    Defendant GREEN TREE engaged in an act or omission prohibited under Conn. Gen. Stat. § 36a-647 and Conn. Agencies Regs. §  36a-647-5(11) by taking or threatening to take any nonjudicial action to effect dispossession or disablement of property and (a) Defendant had no present right to possession of the property claimed as collateral through an enforceable security interest; (b) Defendant had no present intention to take possession of the property; (c) and/or the property at issue is exempt by law from such dispossession or disablement.

86.     Defendant GREEN TREE engaged in an act or omission prohibited under Conn. Gen. Stat. § 36a-647 and Conn. Agencies Regs. § 36a-647-6(2)(A) by falsely representing the character, amount or legal status of any debt.

87.     Defendant GREEN TREE engaged in an act or omission prohibited under Conn. Gen. Stat. § 36a-647 and Conn. Agencies Regs. § 36a-647-6(4) by the representation or implication that nonpayment of the Subject Debt will or may result in the seizure, garnishment, attachment or sale of any property or wages of any person, and such action is unlawful, and the Defendant did not intend to take such action.

88.     Defendant GREEN TREE engaged in an act or omission prohibited under Conn. Gen. Stat. § 36a-647 and Conn. Agencies Regs. § 36a-647-6(6) by threatening to take action that cannot legally be taken or that is not intended to be taken.

89.     Defendant GREEN TREE engaged in an act or omission prohibited under Conn. Gen. Stat. § 36a-647 and Conn. Agencies Regs. § 36a-647-6(6) by the use of false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer debtor or consumer debtor agent.

90.     Defendant GREEN TREE engaged in an act or omission prohibited under Conn. Gen. Stat. § 36a-647 and Conn. Agencies Regs. § 36a-647-6(12) by calling Plaintiffs' aforementioned cellular telephone numbers and hanging up prior to or as soon as Plaintiffs or Plaintiffs' voice mail answered the call, in such a way as to fail to disclose that the communication was from a debt collector.

91.     Defendant GREEN TREE engaged in an act or omission prohibited under Conn. Gen. Stat. § 36a-647 and Conn. Agencies Regs. § 36a-647-6(15) by calling Plaintiffs'

aforementioned cellular telephone numbers and hanging up prior to or as soon as Plaintiffs or Plaintiffs' voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

92.     Defendant GREEN TREE's acts and omissions as described herein have directly and proximately resulted in Plaintiffs' prior and continuing sustaining of damages as described by Conn. Gen. Stat. § 36a-648 including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, and attorney fees, interest and costs.

WHEREFORE Plaintiffs, JOSE and MARGARET CRUZ, respectfully demand judgment against Defendant GREEN TREE for statutory damages, actual damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT III
### (Violation of TILA against GREEN TREE)

93.     Plaintiffs re-allege paragraphs (1) through (72) as if fully restated herein and further state as follows:

94.     At all times relevant to this action Defendant GREEN TREE is subject to and must abide by Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, (hereafter "TILA"), and the rules and regulations applicable thereto, as set forth in 12 C.F.R. § 226.1, *et seq.* (hereafter "Regulation Z").

95.     At all times relevant to this action Defendant FANNIE MAE was and is the "master servicer" of the Note and Mortgage, as defined by 15 U.S.C. § 1641(f)(3) and 24 C.F.R. § 3500.21(a).

96.     At all times relevant to this action Defendant GREEN TREE was and is the "subservicer" of the Note and Mortgage, as defined by 15 U.S.C. § 1641(f)(3) and 24 C.F.R. § 3500.21(a).

97.     Defendant GREEN TREE engaged in an act or omission prohibited under 15 U.S.C. § 1639(*l*)(2) of the TILA, and 12 C.F.R. § 226.36(c)(1)(iii) of Regulation Z, by failing to provide Plaintiffs with an accurate statement of the total outstanding balance that would be required to satisfy the Plaintiffs' obligation under the Note and Mortgage in full as of the date such requests were made, as described herein.

98.     As a direct and proximate result of the above described violations of the TILA by Defendant GREEN TREE, Plaintiffs have suffered losses and damages.

99.     The TILA provides Plaintiffs with a private right of action against Defendant GREEN TREE for its violations of the TILA, as described herein, pursuant to 15 U.S.C. § 1640, and permits recovery of statutory damages, actual damages, attorneys' fees and costs incurred by Plaintiffs.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant GREEN TREE for statutory damages, actual damages, attorneys' fees, costs, interest, and such other relief as this Court deems just and proper.

## <u>COUNT IV</u>
### (Violation of RESPA against GREEN TREE)

100.    Plaintiffs re-allege paragraphs (1) through (72) as if fully restated herein and further state as follows:

101.    At all times relevant to this action Defendant GREEN TREE is and was subject to and must abide by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*., (hereafter

23

"RESPA") and the and the regulations applicable thereto, as set forth in 24 C.F.R. § 3500.21 (hereafter "Regulation X").

102.    The subject mortgage loan qualifies as a "federally related mortgage loan" under § 2602(1)(B)(i) because the mortgage loan was made in whole or in part by a lender, the deposits or accounts of which are insured by any agency of the Federal Government, or were made in whole or in part by a lender which is regulated by any agency of the Federal Government

103.    Upon information and belief, at all times relevant to this action Defendant FANNIE MAE was and is the "master servicer" of the Note and Mortgage, as defined by 24 C.F.R. § 3500.21(a).

104.    Upon information and belief, at all times relevant to this action Defendant GREEN TREE was and is the "subservicer" of the Note and Mortgage, as defined by 24 C.F.R. § 3500.21(a).

105.    Defendant GREEN TREE engaged in an act or omission prohibited under 12 U.S.C. § 2605(k)(1)(C) by failing to take timely action to respond to Plaintiffs' requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties, as described herein.

106.    Section 2605 of RESPA also requires that all charges related to force-placed insurance, apart from charges subject to state regulation as the business of insurance, imposed on the borrower by or through the servicer shall be *bona fide and reasonable*.

107.    GREEN TREE has violated § 2605 of RESPA by charging premiums that are unfairly and egregiously costly. This excessively-priced, force-placed insurance cannot be considered *bona fide* and reasonable because GREEN TREE exercised its discretion in choosing

24

an insurance policy capriciously, in bad faith, and in contravention of the parties' reasonable expectations by purposefully selecting an exorbitantly-priced policy and by giving and receiving kickbacks for the procurement of these exorbitantly-priced, force-placed insurance policies. It has negotiated exclusive terms with the Assurant Defendants whereby it receives kickbacks tied to the cost of the insurance premiums. This incentive drives GREEN TREE to purchase the highest priced forced placed insurance policy that it can, and to often include coverage that is unnecessary.

108.    The force-placed insurance purchased by GREEN TREE and passed on to Plaintiff cannot be considered bona fide and reasonable as it can cost up to ten times the amount of standard insurance that a borrower was previously paying or could obtain on the open market.

109.    Furthermore, the high-priced premiums charged to Plaintiff cannot be considered reasonable because, despite GREEN TREE receiving a kickback or commission on each policy it purchases, it does not pass that savings amount on to Plaintiff. Instead, it still charges the borrowers the full unwarranted and unreasonable amount for the exorbitantly-priced and/or backdated force-placed insurance.

110.    The foregoing actions constitute a general business practice and pattern of GREEN TREE.

111.    As a direct and proximate result of the above described violations of RESPA by Defendant GREEN TREE, Plaintiffs have suffered losses and damages.

112.    RESPA provides Plaintiffs with a private right of action against Defendant GREEN TREE for its violations of RESPA, as described herein, pursuant to 12 U.S.C. § 2605(f), and permits recovery of statutory damages, actual damages, attorneys' fees and costs incurred by Plaintiffs.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant GREEN TREE for statutory damages, actual damages, attorneys' fees, costs, interest, and such other relief as this Court deems just and proper.

## COUNT V
### (Slander of Credit against GREEN TREE)

113.    Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs (1) through (72), as if fully set forth herein.

114.    Defendant GREEN TREE reported the Subject Mortgage Loan to the Consumer Reporting Agencies as being delinquent, with an increasing past-due balance, resulting in the same being reflected on Plaintiffs' credit reports.

115.    The above described reports to the Consumer Reporting Agencies by Defendant GREEN TREE were false, as described herein, because Plaintiffs made each of the monthly installment payments required under the Note within the grace period provided under the terms of the Note, and the past due balance was the result of Defendant's erroneous assessment of escrow charges and its misapplication of Plaintiff's payments.

116.    In making the above reports to the Consumer Reporting Agencies, Defendant GREEN TREE knew that they were false or exhibited a reckless and/or knowing disregard for their truth or falsity.

117.    As a direct result of the above described false credit reports by Defendant GREEN TREE, Plaintiffs' respective credit scores and credit worthiness have been impaired.

118.    As a direct and proximate result of the above described false credit reports by Defendant GREEN TREE, Plaintiffs have suffered losses and damages.

26

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant GREEN TREE for compensatory damages, punitive damages, costs, interest and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted,

*s/Nathaniel W. Shipp*
Nathaniel W. Shipp, Esq.
Connecticut Juris No.: 408860
Law Office of Nathaniel W. Shipp, LLC.
85 Old Ridgefield Road
Wilton, CT 06897
Telephone: (203) 529-3233
Fax: (203) 529-3234
nathanielshipp@gmail.com
Counsel for Plaintiffs

*and*

*s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
Maney & Gordon, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
d.mitchell@maneygordon.com
v.marrero@maneygordon.com
Counsel for Plaintiffs