```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
MARGARET CRUZ, et al.         :    Civil No. 3:15CV00714(AWT)
                              :
v.                            :
                              :
GREEN TREE MORTGAGE SERVICING,:
LLC, et al.                   :    February 17, 2017
                              :
------------------------------x
```

**RULING ON DEFENDANTS' MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA [DOC. #105]**

Pending before the Court is a motion by defendants Green Tree Mortgage Servicing, LLC and Federal National Mortgage Association (herein collectively referred to as "defendants") pursuant to Rule 45 of the Federal Rules of Civil Procedure to compel compliance with a non-party subpoena served upon Miller, Broich & Associates. [Doc. #105]. No opposition has been filed to this motion. For the reasons articulated below, the Court **GRANTS** defendants' Motion to Compel, absent objection, and orders non-party Miller, Broich & Associates to comply with defendants' subpoena.

I.   **Legal Standard**

"Pursuant to Federal Rule of Civil Procedure 45, a party may serve a subpoena commanding a nonparty to attend and testify or to produce designated documents." Sberbank of Russia v.

Traisman, No. 3:14CV216(WWE), 2016 WL 4479533, at *1 (D. Conn. Aug. 23, 2016) (quotation marks and citations omitted); see also Fed. R. Civ. P. 45(a)(1)(A)(iii). "A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting ... any or all of the materials[.]" Fed. R. Civ. P. 45(d)(2)(B). Any written objection to a subpoena for production or inspection "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Id. "The failure to serve written objections to a subpoena within the time specified by Rule 45[ ] typically constitutes a waiver of such objections." Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996); see also 9 James Wm. Moore et al; Moore's Federal Practice §45.41[1][c] (3d ed. 2016) ("If no timely written objection is served, the person subject to the subpoena generally waives any objection to production or inspection as commanded by the subpoena.").

"If a party fails to obey a subpoena or an order to provide discovery, the Court may hold that party in contempt." E. Point Sys., Inc. v. Maxim, No. 3:13CV00215(VAB), 2016 WL 1118237, at *25 (D. Conn. Mar. 22, 2016); see also Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required ... may hold in contempt a person who, having been served, fails

without adequate excuse to obey the subpoena or an order related to it."). Further, "it is well-settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it." Trustees of I.B.E.W. Local Union No. 488 Pension Fund v. Norland Elec., Inc., No. 3:11CV709(CSH), 2016 WL 1060188, at *3 (D. Conn. Mar. 14, 2016) (quotation marks and citation omitted) (collecting cases).

**II. Discussion**

On December 1, 2016, defendants served Miller, Broich & Associates with a subpoena seeking "[a]ll documents concerning or related to any applications, inquiries, or denials for credit, including a refinance by [plaintiffs] ... from 2013 to the present, including any communications with [plaintiffs]." Doc. #105-4 at 2. After receiving no response to the subpoena, defendants sent a follow-up letter on January 6, 2017, and then an email on January 25, 2017. See Doc. #105-1 at 4. On January 26, 2017, defendants filed the instant motion to compel, and served a copy of the motion upon Miller, Broich & Associates by certified mail on the same date. See Doc. #105-1 at 6.

To date, no written objection to the subpoena has been made, and neither Miller, Broich & Associates nor plaintiffs have filed any opposition to defendants' motion. No motion to

3

quash has been filed. Further, the subpoena appears facially valid. The documents sought appear to be relevant to the instant matter. See Warnke v. CVS Corp., 265 F.R.D. 64, 66 (E.D.N.Y. 2010) ("A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." (quotation marks and citation omitted)). Defendants seek the documents to investigate plaintiffs' claim that plaintiffs' credit was affected as a result of the underlying dispute, and that an application for credit was denied by the non-party. See Doc. #105-2 at 5. Defendants' request is limited in scope and in time, and does not appear overbroad on its face. The Court has no reason to believe that compliance would be unduly burdensome. See Fed. R. Civ. P. 45(d)(3)(A); see also Gray v. Town of Easton, No. 3:12CV166(RNC), 2013 WL 2358599, at *2 (D. Conn. May 29, 2013) (denying nonparties' motions to quash subpoenas where, inter alia, the documents sought were relevant and production would not be unduly burdensome); see also Tucker v. Am. Int'l Grp., Inc., 281 F.R.D. 85, 98 (D. Conn. 2012) ("It is incumbent upon courts to protect non-parties from significant expense when considering motions to compel.").

Accordingly, the Court **GRANTS** defendants' motion to compel. [Doc. #105]. Defendants shall serve a copy of this Order by certified mail to non-party Miller, Broich & Associates **on or**

4

**before February 23, 2017.** Miller, Broich & Associates shall respond to the subject subpoena **on or before March 6, 2017.** Should the non-party fail to comply with this Court's Order, it may be subject to sanctions for contempt.

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 17th day of February 2017.

/s/<br>
HON. SARAH A. L. MERRIAM<br>
UNITED STATES MAGISTRATE JUDGE

5